IN THE MATTER OF MARY G. PINCKNEY, TO VACATE· AN
ASSESSMENT, &C.

*Assessment—what act is not a fraud or substantial error within chapter 338 of 1858 as amended by chapter 312 of 1874—Under chapter 313 of 1874 an assessment will not be vacated for the omission of any officer to perform his duty—When the party aggrieved must take his objection before the assessment is completed.*

By an ordinance, duly adopted, One-Hundred·and·Eighth street was directed to be regulated, graded, paved, &c., from Fifth avenue to the East river. A profile prepared by the city authorities showed the grade, as determined upon, to the East or Harlem river at Avenue A, but also showed that the waters of the river flowed westwardly within the lines of the said street, between Avenue A and First avenue. The first advertisement was for proposals for regulating and grading the street, in accordance with the profile, to Avenue A, but upon the objections being made that the city had no title to·the lands between Avenue A and First avenue, and that the assessed valuation of the lands between those avenues was not large enough to bear an assessment of one-half of the cost of the work to be done between them, a contract was let to regulate, grade, &c., the street to First avenue only.

Upon the hearing of an application to vacate the assessment on the ground that the work ordered by the common council had not been completed, *Held*, that the act of the city authorities in making the line of First avenue the limit of the work was not a fraud upon the petitioner or a substantial error within the meaning of chapter 338 of 1858, as amended by chapter 312 of 1874.

That if the ordinance imposed the duty of regulating, grading, &c., the street to Avenue A, the omission of the officer to perform that duty by reason of a misconstruction of the ordinance would· not avoid the assessment, as chapter 313·of 1874 provides that no assessment shall be vacated "for or by reason of the omission of any officer to perform any duty imposed upon him."

The work was completed in October, 1874, and the assessment confirmed in

February, 1876. This proceeding was commenced in June, 1879. It appeared that the petitioner's agent knew of the work while it was in progress.

*Held*, that as the mistake in the construction of the ordinance, if any there were, could easily have been corrected before the consummation of the assessment by completing the work to Avenue A, the objection should have been then made, and that, having failed to make it then, the petitioner could not now avail himself of it.

APPEAL from an order made at a Special Term, denying a petition to vacate an assessment.

In September, 1872, the mayor, aldermen and commonalty of the city of New York, by an ordinance duly adopted, directed that One-Hundred-and-Eighth street, from the Fifth avenue to the East river, be regulated, graded, &c. A profile and specifications of the intended improvement were thereupon prepared, and proposals were advertised for, the advertisement referring to the specifications, and the latter stating that the entire width of the street was to be regulated and graded in accordance with the grade as shown upon the profile map in the bureau of street improvements. This profile showed the grade as determined upon to the Harlem (or East) river at Avenue A. It also showed water flowing westward within the lines of the street to First avenue, and even for a short distance beyond it. The respondent claimed, and the appellant denied, that this water was a part of the East river. Subsequently, upon its being ascertained that the city had no title to the street east of First avenue, and that the property on that portion of the street would not bear an assessment sufficient to pay for the cost of the work to be there done, the department of public works and finance determined that the work could not properly be extended beyond First avenue, and caused the amount estimated as required between First avenue and Avenue A to be deducted from the original estimate, and the contract to be let only for the reduced quantities. The work was completed in October, 1874, the assessment therefor confirmed February, 1876, and this proceeding commenced in June, 1879. The matter has already been before the General Term of this department, where an order of the Special Term, vacating the assessment, was reversed and a rehearing ordered.

*John C. Shaw*, for the appellant.

*J. A. Beall*, for the respondent.

DAVIS, P. J. :

The ordinance of the mayor, aldermen and commonalty directed that One-Hundred-and-Eighth street be regulated, graded, &c., from Fifth avenue to the East river. The contract made used the same language, "from Fifth avenue to the East river." A profile and specifications of the intended improvement were prepared after the adoption of the ordinance. This profile showed the grade, as determined upon, to the Harlem or East river at Avenue A, but it also showed the waters of the Harlem or East river flowing westward within the lines of the street to the First avenue. The city had no title to the lands between First avenue and Avenue A, and could not lawfully construct the work between those avenues. It was ascertained, also, by the authorities that the assessed valuation of the lands between those avenues was not large enough to bear an assessment of one-half the cost of the work between those points, as restricted by statute.

In view of these facts, the city authorities construed the ordinance as directing the work to be done only to First avenue, the point to which the waters of the East river in fact came, according to the profile, and the work was accordingly completed to that line. This construction of the ordinance was not a fraud upon the petitioner. On the contrary, it was decidedly to her pecuniary advantage. It is apparent that the construction of the work between First avenue and Avenue A, owing to the greater filling in that would be required, would be proportionately more expensive than the other part of the work, and as the lots lying upon the street between those avenues could not lawfully be assessed in a sufficient amount to bear one-half the expense of the work, the other property benefited would doubtless have been assessed for a larger amount than that actually imposed. The term "East river" did not indicate an arbitrary and definite line. It might therefore be reasonably construed to mean the point at which the line of the projected work would come in contact with the waters of the river, and certainly

it was neither unreasonable nor fraudulent for the authorities to terminate the work at that point, if the city had no legal right to construct it further without being trespassers.

Nor do we think that the act of the authorities in making the line of First avenue the limit of the work was a substantial error, within the meaning of the statute. A substantial error, in the sense in which those words are used in the statute, and for which an assessment can be vacated by an aggrieved party, must be one which works an actual pecuniary or other injury to such party. It cannot therefore be a substantial error within the meaning of the law to fix a terminus of a work like this, from reasons of necessity, at a line short of that named in the ordinance, when the effect of so doing is to work a substantial benefit to the petitioner. That seems to be this case. For, as before stated, inasmuch as the further extension of the street cannot be assessed upon the petitioner's lands, she is saved from a burden which she might by a contrary construction of the ordinance have been required to bear.

The case is therefore, as we think, within the provisions of chapter 313 of the act of 1874, which forbids the vacating of such assessments, "for or by reason of the omission of any officer to perform any duty imposed upon him, or for or by reason of any defect in the authority of any department or officer upon whose action the assessment shall be in any manner, or to any extent, dependent, or for or by reason of any omission to comply with, or carry out any detail of any law or ordinance." (Laws of 1874, p. 367.) This provision operates to restrict the sense to be given to the words "*substantial error*" to something altogether outside of the terms of the statute. In this case the commissioner of public works could not lawfully have regulated and graded the street between First avenue and Avenue A. This, perhaps, may be said to be a defect in his authority to perform completely the act directed by the ordinance, and the provision of the act of 1874 prevents his omission under such circumstances from operating to vitiate an assessment for that portion of the work which he could lawfully do. Besides, the act expressly forbids the vacating of assessments "*for or by reason of the omission of any officer to per-*

*form any duty imposed upon him.*" It would seem to follow that if the ordinance imposed the duty of carrying the grade of the street and completing the work to Avenue A., the omission of the officer to perform that duty, by reason of a misconstruction of the ordinance, would not avoid the assessment.

Again, it appears that the petitioner's agent knew of the work while it was in progress. The misconstruction, if there was one, of the ordinance was a mistake which could easily have been corrected before the consummation of the assessment, by proceeding to complete the work to Avenue A, or to whatever point might actually have been the line of the East river. Under such circumstances the objection ought to have been made in time to give opportunity for the correction, and there is neither justice nor equity in allowing the petitioner to lay by for three years and then seek for the first time to raise the objection by attacking the assessment.

We are of opinion that the order should be affirmed, with $10 costs, and disbursements.

Present—DAVIS, P. J., BRADY and BARRETT, JJ.

Order affirmed, with $10 costs, and disbursements.